# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDITH MAE MAY,**

    **Plaintiff,**

v.                                                                                               **Case No. 20-CV-829**

**DEPARTMENT OF CORRECTIONS, et al.,**

    **Defendants.**

## ORDER

Plaintiff Edith Mae May is representing herself. She filed a complaint along with a petition to proceed without prepayment of the filing fee (*in forma pauperis*) pursuant to 28 U.S.C. § 1915. (ECF No. 2.) However, May did not submit a copy of her certified prison trust account statement along with her motion. The trust account statement is used to calculate the amount of the initial partial filing fee pursuant to the Prison Litigation Reform Act ("PLRA") *See* 28 U.S.C. § 1915(b)(1). An inmate is required under the PRLA to submit the trust account statement after obtaining it from the appropriate official at her institution. *Id.* § 1915(a)(2). To that end, the Clerk of Court sent May a letter on June 4, 2020 requesting that the trust account statement be filed within 21 days. (ECF No. 4.) May has yet to submit her trust account statement.

May did write a letter indicating that she has been denied a legal loan and is spending over $100 in her other case, Case No. 18-cv-1452. (ECF No. 3.) She also

has two other cases May has two other cases before me that require certified copies of trust account statements: Case No. 20-cv-948 and Case No. 20-cv-1024. As I stated in my August 7, 2020 order in Case No. 20-cv-948, May is going to have to consider her resources and use them strategically if she wants to continue with her case. Regarding her legal loan, whether or not to extend credit to an inmate for her cases is "a matter strictly between [her] and Wisconsin and not any business of the federal courts." *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). Accordingly, May needs to make some decisions on how she wants to proceed based on her availability of funds. However, as explained in the August 7 order, while normally plaintiffs need to make separate filings for separate cases, in this **one instance**, I will allow May to file one certified copy of her trust account statement for all three cases. She must list all three case numbers on top of the certified copy. But, except for the certified copy for trust account statements, as a general rule going forward, May needs to file separate filings for each of her separate cases.

Accordingly, if May wishes to proceed with her case, she must provide a certified copy of her trust fund account statement for the six-month period immediately preceding the filing of her complaint within 21 days of the date of this order. If she fails to do so, I will dismiss this case without prejudice and without further notice to May based on her failure to diligently prosecute it. *See* Civil L.R. 41(c.)

**IT IS THEREFORE ORDERED**, that by the end of the day on **August 28, 2020,** May must file a certified copy of her trust account statement covering the six-

month period preceding the filing of her complaint. If she fails to do so, her case will be dismissed without prejudice and without further notice to her based on her failure to diligently prosecute it.

Dated at Milwaukee, Wisconsin this 7th day of August, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge